ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| JONATHAN SIERRA DE JESÚS<br><br>Recurrente<br><br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO; JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurridos | KLRA202400114 | *REVISIÓN ADMINISTRATIVA* procedente de la Junta de Libertad bajo Palabra<br><br>JLBP Núm.: 147325<br>Confinado Núm. B308-15439<br><br>Sobre:  No Concesión del Privilegio de Libertad Bajo Palabra-Reconsideración – Volver a Considerar |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de mayo de 2024.

Comparece ante nos, el señor Jonathan Sierra de Jesús (en adelante, señor Sierra de Jesús o recurrente), quien presenta recurso de revisión administrativa en el que solicita la revocación de la "*Resolución*" emitida el 27 de octubre de 2023 y notificada el 1 de noviembre de 2023, por la Junta de Libertad Bajo Palabra (en adelante, JLBP o recurrida).  Mediante dicha determinación, la JLBP determinó no conceder el privilegio de libertad bajo palabra al recurrente. El 18 de diciembre de 2023 el recurrente presentó una *Reconsideración*, que fue declarada "*No Ha Lugar*" el 2 de enero de 2024 y notificada el 1 de febrero de 2024.

La JLBP compareció mediante *"Escrito en Cumplimiento de Resolución"* a través de la Oficina del Procurador General (en adelante, OGP) el 17 de abril de 2024.

Número Identificador

SEN2024 _____

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, confirmamos la determinación recurrida.

**I**

El 21 de septiembre de 2006, el recurrente fue sentenciado a cumplir una pena consolidada de treinta y dos (32) años, por robo y por infracción al artículo 5.04 de la Ley Núm. 404 de 11 de septiembre de 2000, Ley de Armas de Puerto Rico, 25 LPRA 458 (c). El recurrente cumplió el mínimo de su sentencia el 22 de abril de 2022, por lo cual la JLBP adquirió jurisdicción sobre su caso. A tales fines, el 26 de mayo de 2023 se evaluó el caso del señor Sierra de Jesús y mediante a resolución correspondiente, la JLBP determinó una reconsideración de expediente para el mes de agosto de 2023.

Posteriormente, el 27 de octubre de 2023 la JLBP emitió una *Resolución* la cual **denegó** la concesión del privilegio toda vez que el recurrente no contaba con un plan de salida corroborado en las áreas de vivienda y amigo(a) consejero(a), esto a pesar de las gestiones realizadas por el técnico socio penal. Tampoco contaba con oferta de empleo y/o plan de estudios estructurado ni poseía una evaluación psicológica reciente de la Sección de Programa de Evaluación y Asesoramiento (SPEA). Ante el incumplimiento de estos criterios para el privilegio de libertad bajo palabra, la JLBP ordenó su reconsideración para agosto 2024.

El 18 de diciembre de 2023, el recurrente presentó una "*Moción de Reconsideración*", en la cual, en síntesis, alegó que la vivienda de su progenitor continuaba disponible para ser evaluada, pero que el Departamento de Corrección y Rehabilitación, (en adelante, DCR), no había hecho la visita correspondiente. Indicó que, en la alternativa podía ser participante del Hogar Nuevo Pacto, donde había sido aceptado y, que el nombre de un nuevo amigo consejero fue sometido a través del Técnico Sociopenal y este lo

había mencionado en el plan de salida. El organismo administrativo sostuvo su rechazo, acotando que aun cuando el recurrente durante la etapa de reconsideración alegó haber presentado las propuestas anteriormente mencionadas **aceptó no poseía una evaluación psicológica reciente de Sección de Programa de Evaluación y Asesoramiento (SPEA) ni tampoco oferta de empleo y/o planes de estudio.**

Inconforme con esa determinación, el 28 de febrero de 2024 el recurrente presenta este recurso de revisión donde le imputa a la JLBP los siguientes señalamientos de error:

1. LA "J.L.B.P." ERR[Ó] A[L] NEGAR EL PRIVILEGIO AL RECURRENTE POR ESTE NO CONTAR CON CUSTODIA M[ÍNIMA].

2. ALEGA LA "J.L.B.P. QUE EL PETICIONARIO NO CUENTA CON UN PLAN DE SALIDA CORROBORADO EN EL HOGAR VIABLE PROPUESTO NI CONTAR CON AMIGO CONSEJERO.

3. LA "J.L.B.P." ERR[Ó] AL INDICAR QUE EL PETICIONARIO NO CUENTA CON [sic] OFERTA DE EMPLEO Y/O PLANES DE ESTUDIADO [sic].

4. ALEGA LA J.L.B.P. QUE EL PETICIONARIO NO CUENTA CON EVALUACI[Ó]N ACTUALIZADA DEL S.P.E.A. EL SEÑOR SIERRA COMPLET[Ó] LAS TERAPIAS DE VIVIR SIN VIOLENCIA EN EL AÑO 2012 (V[É]ASE ANEJO #13) LUEGO DE ESO EL "D.C.R." NO HABR[Í]A REFERIDO A EL [sic] PETICIONARIO A UNA NUEVA EVALUACI[Ó]N.

Examinado el recurso en su totalidad y con la comparecencia de las partes, procedemos a establecer el derecho aplicable y a resolver.

**II**

**-A-**

La Junta de Libertad bajo Palabra fue creada mediante la aprobación de la Ley Núm. 118 de 22 de julio de 1974, 4 LPRA sec. 1501 *et seq.* Este organismo tiene la autoridad de conceder a cualquier persona recluida en una institución correccional de Puerto Rico el privilegio de cumplir la última parte de su condena

en libertad bajo palabra. 4 LPRA sec. 1503; *Maldonado Elías v. Gonzalez Rivera,* 118 DPR 260, 275 (1987). Así pues, es la Junta de Libertad Bajo Palabra quien tiene la autoridad de conceder a cualquier persona recluida en una institución correccional de Puerto Rico el privilegio de cumplir la última parte de su condena en libertad bajo palabra, sin tener que estar encarcelado. *Benítez Nieves v. ELA*, 202 DPR 818, 825, 835 (2019). Es menester señalar que **"el beneficio de la libertad bajo palabra no es un derecho reclamable, sino un privilegio cuya concesión y administración recae en el tribunal o en la JLBP"**. *Quiles v. Del Valle,* 167 DPR 458, 475 (2006).

En particular, enfatizamos que la Junta tendrá facultad para conceder el privilegio de libertad bajo palabra a una persona recluida en una institución penal en Puerto Rico, tomando en consideración los siguientes criterios:

> *(1) **La naturaleza y circunstancias del delito o delitos por los cuales cumple sentencia.***
>
> *(2) Las veces que el confinado haya sido convicto y sentenciado.*
>
> *(3) Una relación de liquidación de la sentencia o sentencias que cumple el confinado.*
>
> *(4) **La totalidad del expediente penal, social, y los informes médicos e informes por cualquier profesional de la salud mental, sobre el confinado.***
>
> *(5) El de ajuste institucional y del social y psicológico del confinado, preparado por la Administración de Corrección y el médico y psiquiátrico preparado por Salud Correccional del Departamento de Salud.*
>
> *(6) La edad del confinado.*
>
> *(7) El o los tratamientos para condiciones de salud que reciba el confinado.*
>
> *(8) La opinión de la víctima.*
>
> *(9) **Planes de estudios, adiestramiento vocacional o estudio y trabajo del confinado.***
>
> *(10) **Lugar en el que piensa residir el confinado y la actitud de dicha comunidad, de serle concedida la libertad bajo palabra.***
>
> *(11) **Cualquier otra consideración meritoria que la Junta haya dispuesto mediante reglamento.***

> ***La Junta tendrá la discreción para considerar los mencionados criterios según estime conveniente y emitirá resolución escrita con determinaciones de hechos y conclusiones de derecho***. Art. 3-D de la Ley Núm. 118 de 22 de julio de 1974, 4 LPRA sec. 1503d.

Además, deberá considerarse el mejor interés de la sociedad y si el privilegio ayudará en la rehabilitación del delincuente. Artículo 3 de la Ley Núm. 118-1974, *supra*. Por esta razón, "**la Junta tendrá ante sí toda la información posible sobre el historial social, médico, ocupacional y delictivo de cada confinado, incluyendo la actitud de la comunidad respecto a la liberación condicional del sujeto, y una evaluación que deberá someter la Administración de Corrección**". *Íd.*

Para cumplir con estos propósitos, se le delegó a la JLBP el poder para promulgar las reglas y reglamentos que entienda convenientes. *Íd.* En virtud de ello, se aprobó el Reglamento de la Junta de Libertad Bajo Palabra, Reglamento Núm. 9232 del 18 de noviembre de 2020, (en adelante, Reglamento Núm. 9232). En lo concerniente, destacamos el Artículo X Sección 10.1 del Reglamento Núm. 9232 dispone que:

A. ***La Junta evaluará las solicitudes del privilegio, caso a caso, conforme al grado de rehabilitación y ajuste que presente el peticionario durante el término que ha estado en reclusión***.

B. *Al evaluar los casos, la Junta tomará en consideración los siguientes criterios con relación al peticionario:*

*1. Historial delictivo*

    *a. La totalidad del expediente penal.*

    *b. Los antecedentes penales. Se entenderá por antecedentes penales las veces que un peticionario haya sido convicto y sentenciado.*
    […]

*2. Una relación de liquidación de la(s) sentencia(s) que cumple el peticionario.*

*3. La clasificación de custodia, el tiempo que lleva en dicha clasificación y si hubo cambio de clasificación y las razones para ello.*
    ***a. La Junta no concederá libertad bajo palabra cuando el peticionario se encuentre en custodia máxima.***

*4. La edad del peticionario.*

[…]

6. *El historial social*

[…]

7. **Si cuenta con un plan de salida estructurado y viable en las áreas de oferta de empleo y/o estudio, residencia y amigo consejero.**

[…]

[…]

d. **Oferta de empleo y/o estudio.**
   i. **Todo peticionario deberá proveer una oferta de empleo o, en la alternativa, un plan de estudios o adiestramiento vocacional, o estudio y trabajo.**
   ii. *La oferta de empleo se presentará mediante carta suscrita por la persona que extiende la oferta de empleo al peticionario, […]*
   iii. *Los planes de estudio, incluyendo el adiestramiento vocacional y/o el programa de estudio y trabajo, se presentarán sometiendo la carta de aceptación de la institución educativa, con expresión del programa o facultad al cual ingresará. El empleo deberá incluir descripción de funciones.*
   iv. *La falta de oferta de empleo o estudio no será razón para denegar el privilegio.*
   *[…]*

e. **Residencia**
   i. **Todo peticionario tiene que indicar el lugar en el cual piensa residir de serle concedida la libertad bajo palabra, bien sea en una residencia o un programa interno.**
   ii. *De proponer una residencia, el peticionario proveerá el nombre completo, el número de teléfono y correo electrónico de la persona con la cual residirá, o de algún familiar cercano, así como la dirección física de la residencia. En estos casos, se realizará una investigación sobre la actitud de la comunidad donde propone residir el peticionario, de serle concedida la libertad bajo palabra.*
   *[…]*
   iv. **Si el peticionario interesa ingresar a un programa interno, tendrá que presentar la carta de aceptación del programa, así como proponer una residencia alterna en la cual disfrutará de los pases, en los casos que aplique. Dicha residencia alterna será corroborada para determinar su viabilidad. Si la residencia alterna no resulta viable, el peticionario no podrá disfrutar de pases hasta tanto no provea una residencia alterna viable, y así lo autorice la Junta.**

f. **Amigo Consejero**
   i. *El amigo consejero tiene la función de cooperar con la Junta y el Programa de Comunidad del Departamento de Corrección y Rehabilitación, en la rehabilitación del peticionario.*
   *[…]*
   iii. *Se realizará una investigación en la comunidad sobre la conducta e integridad moral de la persona propuesta para el amigo consejero.*
   *[…]*
   v. *La falta de amigo consejero no será razón suficiente para denegar el privilegio.*

 *8. Historial de salud*
  *[…]*

*9. Si se registró en el Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores, en aquellos casos en que el peticionario cumpla sentencia por alguno de los delitos identificados en el Artículo 3 de la Ley Núm. 266 de 9 de septiembre de 2004, según enmendada.*

*10. Si se registró en el Registro de Personas Convictas por Delitos de Violencia Doméstica, en aquellos casos en que el peticionario cumpla sentencia por alguno de los delitos identificados en la Ley Núm. 59 de 1ro de agosto de 2017, según enmendada.*

*11. Cumplimiento con la toma de muestra de ADN, en aquellos casos en que el peticionario extingue sentencia por alguno de los delitos identificados en el Artículo 8 de la Ley Núm. 175 de 24 de julio de 1998, según enmendada.*

***12. La Junta tendrá discreción para considerar los mencionados criterios según considere conveniente y cualquier otro meritorio con relación a la rehabilitación del peticionario y al mejor interés de la sociedad.***

A estos efectos, es preciso enfatizar que, **"[l]a decisión de conceder o denegar los beneficios de libertad bajo palabra descansa en la entera discreción de la Junta, y no existe un derecho a obtener tales beneficios"**. *Maldonado Elías v. González Rivera*, 118 DPR 260, 275-276 (1987).

En adición a la Sección 10.1, previamente citada, se dispone en la Sección 10.2 del Reglamento Núm. 9232, *supra*, que incluye:

A. El Departamento de Corrección y Rehabilitación, a través de sus funcionarios, empleados y/o representantes autorizados, proveerá a la Junta todo documento que contenga información relacionada a los criterios antes esbozados. **La producción de estos documentos se hará para la fecha de la vista de consideración o a la fecha en que se vuelva a reconsiderar el caso**. En cumplimiento con lo anterior, **el Departamento de Corrección y Rehabilitación, remitirá a la Junta los siguientes documentos**:

[…]

12. **Evaluación médica, psicológica y/o psiquiátrica**

a. La Junta podrá requerir la evaluación médica, psicológica o psiquiátrica del Negociado de Rehabilitación y Tratamiento o de Salud Correccional, o entidad análoga debidamente acreditada por el Estado, en aquellos casos en que la persona se encuentre cumpliendo sentencia por delitos contra la vida y/o delitos sexuales, conforme al estado de derecho vigente a la fecha en que fue sentenciado, o en cualquier otro caso en que la Junta lo considere necesario.

b. **Estos informes tendrán una vigencia de tres (3) años desde la fecha de la evaluación.**

**c. La Junta en su discreción podrá requerir otra evaluación, aunque tenga una vigente.**

(Énfasis nuestro).

Por su parte, el Reglamento Núm. 9232 dispone en la Sección 12.1 sobre la Vista de Consideración:

A. **La vista de consideración se celebra en aquellos casos que se presentan ante la consideración de la Junta por primera vez**.

[...]

Adicionalmente, en la Sección 12.2 *Reconsideración de casos* sostiene lo siguiente:

A. La reconsideración dispuesta en esta sección se refiere a aquellos casos en que se ha denegado la libertad bajo palabra y que **la Junta dispuso que volverá a considerar dentro de un (1) año desde la fecha en que consideró el caso por última vez**. **La Junta podrá volver a considerar un caso fuera del término antes dispuesto, por causa meritoria.**

Finalmente, en cuanto a la concesión o denegatoria del privilegio, la Sección 12.3 (B) del Reglamento Núm. 9232, *supra*, establece que, si "la Junta deniegue la libertad bajo palabra expresará individualmente en su resolución las determinaciones de hecho y conclusiones de derecho que fundamentan dicha determinación, así como indicará la fecha (mes y año) en que volverá a considerar el caso".

*-B-*

En nuestro ordenamiento jurídico, las decisiones de las agencias administrativas están investidas de una presunción de legalidad y corrección. *Capó Cruz v. Jta. Planificación et al.*, 204 DPR 581, 591 (2020); *García Reyes v. Cruz Auto Corp.,* 173 DPR 870, 893 (2008). Lo anterior se fundamenta en el conocimiento especializado y la experiencia (*expertise*) sobre la materia que su ley habilitadora le confiere jurisdicción. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.*, 144 DPR 425, 436 (1997); *Misión Ind. P.R. v. J.P. y A.A.A.*, 142 DPR 656, 672-673 (1997). En otras palabras, el conocimiento especializado de la agencia justifica que se sostengan

sus determinaciones. Por lo que, en virtud de nuestro ejercicio de revisión judicial, le debemos gran deferencia a las decisiones emitidas por los foros administrativos. *Pérez López v. Dpto. Corrección*, 208 DPR 656, 673-674 (2022); *Super Asphalt v. AFI y otros*, 206 DPR 803, 819 (2021).

Dentro de este contexto, la revisión judicial se limita a determinar si la agencia actuó de forma arbitraria, ilegal, o tan irrazonable que implique abuso de discreción. *OCS v. Point Guard Ins.,* 205 DPR 1005, 1026-1027 (2020); *Rivera Concepción v. ARPe.,* 152 DPR 116, 122 (2000). Esto significa que el tribunal respetará el dictamen de la agencia, salvo que no exista una base racional que fundamente la actuación administrativa. *ECP Incorporated v. OCS,* 205 DPR 268, 282 (2020); *Misión Ind. P.R. v. J.P.,* 146 DPR 64, 134-135 (1998). Así, la revisión judicial suele limitarse a determinar si: (1) el remedio concedido por la agencia fue el apropiado; (2) las determinaciones de hechos realizadas por la agencia están sostenidas por evidencia sustancial en el expediente administrativo; y (3) si las conclusiones de derecho fueron correctas. *Pacheco v. Estancias*, 160 DPR 409, 431 (2003).

Ahora bien, esa presunción de legalidad no constituye un dogma inflexible que impide la revisión judicial si no existen las condiciones que sostienen la deferencia. En el caso de *Torres Rivera v. Policía de PR*, 196 DPR 606 (2016), el Tribunal Supremo de Puerto Rico se expresó sobre el alcance de la revisión judicial y mencionó lo siguiente:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero ésta cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que, si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos

procede que se valide la interpretación que realizó la agencia administrativa recurrida. *Íd.*, pág. 628.

Por ende, como norma general, el tribunal revisor le debe respeto y deferencia al dictamen administrativo. No obstante, si el foro revisor entiende que uno de estos factores está presente, podrá entonces modificar la decisión. De lo contrario, se abstendrá a ello. Es pertinente enfatizar que la doctrina no exige que la agencia tome la mejor decisión posible, sino que el criterio a evaluar es si la misma, dentro de las circunstancias particulares del caso, es razonable. *De Jesús v. Depto. Servicios Sociales*, 123 DPR 407, 417-418 (1989). Por ende, si existe más de una interpretación razonable de los hechos, ordinariamente se avalará la decisión del foro administrativo. *Super Asphalt v. AFI y otros*, *supra*, pág. 819; *Torres Rivera v. Policía de PR*, *supra*, pág. 628.

En lo concerniente al alcance de la revisión judicial, la sección 4.5 de la de Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico limita la discreción del tribunal revisor sobre las determinaciones de hecho que realiza la agencia administrativa. 3 LPRA sec. 9675. Como consecuencia, la revisión judicial de los tribunales para determinar si un hecho se considera probado o no se limita conforme la siguiente norma:

> El tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.
>
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
>
> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal. Ley Núm. 38-2017, 3 LPRA sec. 9675.

El Tribunal Supremo de Puerto Rico define el concepto de evidencia sustancial como "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una

conclusión".  *Otero v. Toyota*, 163 DPR 716, 728 (2005); *Misión Ind. P.R.* v. *J.P., supra*, pág. 131.  Además, dicho Foro ha reiterado que:

> Para que un tribunal pueda decidir que la evidencia en el expediente administrativo no es sustancial es necesario que la parte afectada demuestre que existe otra prueba en el récord que razonablemente reduzca o menoscabe el peso de tal evidencia, hasta el punto de que un tribunal no pueda, concienzudamente, concluir que la evidencia sea sustancial, en vista de la prueba presentada y hasta el punto que se demuestre claramente que la decisión [del organismo administrativo] no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración. *Domínguez v. Caguas Expressway Motors*, 148 DPR 387, 397-398 (1999); *Hilton Hotels v. Junta Salario Mínimo*, 74 DPR 670, 686 (1953).

Por tal razón, es la parte que impugna la decisión administrativa quien tiene que producir evidencia de tal magnitud que conmueva la conciencia y tranquilidad del juzgador, de forma que éste no pueda concluir que la decisión de la agencia fue justa, porque simple y sencillamente la prueba que consta en el expediente no la justifica.  Ello implica que "[s]i en la solicitud de revisión la parte afectada no demuestra la existencia de esa otra prueba, las determinaciones de hecho de la agencia deben ser sostenidas por el tribunal revisor".  *Domínguez v. Caguas Expressway Motors, supra*, pág. 398; *Ramírez v. Depto. de Salud*, 147 DPR 901, 905 (1999).

### III

En su escrito, el señor Sierra de Jesús, sostiene que revoquemos la "*Resolución*" emitida el 1 de noviembre de 2023 por la JLBP, en la cual se le denegó el privilegio de concederle libertad bajo palabra y ordenemos a la agencia su concesión automática. El recurrente, a pesar de admitir de que no contaba con una oferta de empleo o estudios, amigo consejero y residencia corroborada, insiste que la JLBP erró al no haber tomado en consideración que la mayoría de lo requerido estaba completada o en trámites de conseguirse y que, de pernoctar en el Hogar Cristiano Nuevo Pacto, estudiaría "on-line" o presencial y llevaría a cabo gestiones de búsqueda de empleo una vez ubicado en la libre comunidad.

Primeramente, el señor Sierra de Jesús señala que erró la JLBP al negar el privilegio por este no contar con custodia mínima, aduce el recurrente que está en custodia mínima desde el 30 de octubre de 2023. *No le asiste la razón.*

La negativa de la JLBP para denegar la concesión del privilegio no se apoyó en el nivel de custodia del recurrente, pues claramente, sólo si el recurrente estuviera en un nivel de custodia máxima, no sería considerado para privilegio de la libertad bajo palabra. Al momento de la evaluación por la JLBP, Sierra de Jesús estaba ubicado en un nivel de custodia mediana. La negativa de la JLBP estuvo basada en el incumplimiento con otros criterios a saber: no se presentó una oferta de empleo y ni de estudios; el hogar propuesto no estuvo disponible para verificación y el amigo(a) consejero(a) tampoco pudo ser verificado toda vez que no localizaron la dirección provista ni la vivienda. En adición, la falta de la evaluación reciente de SPEA, fue otro factor considerado por la JLBP para denegar el privilegio del recurrente.  A tenor con la información recopilada, la JLBP emitió la *Resolución* el 27 de octubre de 2023 y notificada al señor Sierra de Jesús el 1 de noviembre de 2023, donde denegó de la concesión del privilegio por la falta de cumplimiento antes mencionado. Por lo tanto, la JLBP no utilizó como criterio rector el señalamiento de la custodia mediana y no mínima, tal y como señala el recurrente. Es inmeritorio el planteamiento del señor Sierra de Jesús, por lo que no se cometió el error señalado.

Por otro lado, alega el señor Sierra de Jesús que la JLBP erró al determinar que no cuenta con un plan de salida corroborado en el hogar viable propuesto ni contar con un amigo consejero. *No le asiste la razón.*

Según se desprende del *Informe de Libertad Bajo Palabra* fechado del 24 de marzo de 2023, en este concluyó que la residencia propuesta por el recurrente no pudo ser localizada, al igual que el

número de teléfono brindado no pertenecía a su señor padre, el señor Héctor Sierra García quien sería su encargado propuesto. Por otro lado, similar situación ocurrió cuando el técnico socio penal trató de localizar la persona y residencia de la amiga consejera, la señora Melissa Fiallo Sanabria culminando en resultados infructuosos.[1] Surge del expediente de epígrafe, que posteriormente a que la JLBP emitiera la antedicha *Resolución,* el recurrente proveyó a su técnico socio penal un nuevo candidato a amigo(a) consejero(a).

No obstante, al momento en que la JLBP evaluó el caso del señor Sierra de Jesús, este no cumplía con los requisitos básicos para la concesión del privilegio. Es decir, para la fecha que el señor Sierra de Jesús necesitaba que se evaluara su documentación, no se pudo constatar la información sobre el hogar viable y el encargado, el amigo (a) consejero(a) y la información básica de este.

Sin embargo, se desprende del expediente de autos que el recurrente radicó una *Reconsideración* del 29 de noviembre de 2023 ante la JLBP, donde proveyó información adicional para cumplimentar los requisitos exigidos de la JLBP, tales como la carta de aceptación en el Hogar Cristiano "Nuevo Pacto" para recibir tratamiento interno, el amigo consejero con información actualizada.[2] A su vez arguyó que cuenta con una evaluación psicológica independiente de la SPEA. En adición a la información expuesta en la moción de *Reconsideración* precitada, el señor Sierra de Jesús sometió ante este Tribunal una "*Réplica en Cumplimiento de Resolución*" donde sostiene que su amigo (a) consejero(a) fue evaluado, y que cuenta con una evaluación actualizada de SPEA de

---

[1] Apéndice del Escrito en Cumplimiento de Resolución, pág. 13.
[2] Dichos requisitos están sujetos a ser evaluados y corroborados por parte del componente Técnico Sociopenal.

enero de este año 2024, al igual que el plan de estudios estructurado.[3]

Tal como se desprende del expediente de autos, ahora el señor Sierra de Jesús se encuentra en una mejor posición para ser evaluado y considerado por la JLBP, en agosto del año 2024 toda vez que se desglosa del expediente, el cumplimiento de alguno de los criterios que en la evaluación inicial estaban ausentes. Si bien se destaca "que la falta de estudios o trabajo no será razón suficiente para denegar el privilegio", tal como menciona el Reglamento Núm. 9232, en su artículo X, 10.1 B(7)(d)(iv); X,10.1 B(7)(f)(v); es necesario evaluar el cumplimiento con los requisitos exigidos para poder ser acreedor de tal privilegio. *Por lo que no se cometió el error señalado.*

Adicionalmente, el señor Sierra de Jesús señala que la JLBP erró al concluir que el peticionario no contaba con oferta de trabajo ni planes de estudio. En el mencionado informe, se señala que no se había presentado una propuesta de plan de estudio y trabajo, toda vez que el recurrente expresó se dedicaría a estudiar y trabajar **una vez le fuera concedido el privilegio de libertad bajo palabra.** Posteriormente, el 18 de diciembre de 2023 en su escrito de *Reconsideración,* **arguyó que su plan propuesto de auto empleo debería aceptarse como cumplimiento al requisito de empleo y que la gestión de estudios la realizaría una vez esté en la libre comunidad, toda vez que la misma debía gestionarse de manera presencial**. En adición, sostuvo que cuenta con una oportunidad en un programa de tratamiento interno en el Hogar Cristiano "Nuevo Pacto" y que esto no fue considerado en la alternativa para que pudiera beneficiarse del programa de tratamiento interno. Arguyó que desde allí podría llevar a cabo las gestiones para estudiar cursos en línea. Como vemos estas gestiones no cumplen con los criterios

---

[3] *Íd.*

es precitados y requeridos en el artículo X,10.1 B,7(d), (e) y (f) del Reglamento Núm. 9322 de la JLBP, toda vez que fueron remitidas posteriormente a ser evaluado por la JLBP.

Principalmente, en el artículo X, 10.2, B (12) donde señalamos que "[l]a Junta de Libertad Bajo Palabra tendrá la discreción para considerar los mencionados criterios según estime convenientes [...]", tal como se desprende de la *Resolución* emitida, es la JLBP quien tiene la potestad de determinar si el plan de trabajo presentado por el recurrente en la moción de *Reconsideración* cumple con los factores establecidos en el Reglamento Núm. 9232 al momento en que sea evaluado. *No se cometió el error señalado.*

Por último, el recurrente alegó que erró la JLBP al concluir que no cuenta con una evaluación actualizada de SPEA, y que él completó terapias conductuales, por lo que el Departamento de Corrección y Rehabilitación no lo había referido a una nueva evaluación de SPEA. De la evidencia que obra en autos y del *informe* emitido, se puede constatar la ausencia total de una evaluación de SPEA.[4] No obstante, recalcamos que el propio señor Sierra de Jesús notificó ante este Tribunal, que actualmente cuenta con una evaluación de SPEA que fue realizada en enero 2024.[5]

Empero, como discutimos previamente los criterios del Reglamento Núm. 9322 de la JLBP deben completarse a cabalidad al momento que el miembro de la población correccional va a ser evaluados, de lo contrario tendrá que esperar al próximo año para la evaluación correspondiente. Por el incumplimiento de los criterios exigidos por el Reglamento Núm. 9322 de la JLBP, contenidos específicamente en la Sección X,10.1 en sus incisos, *7 (d), (e) y (f)* y en la Sección 10.2(A)(12) (a)(b)(c) el señor Sierra de Jesús no cumplió con los criterios que son necesarios para ser considerado como

---

[4] Apéndice del Escrito en Cumplimiento de Resolución, págs. 1-2.
[5] Réplica en Cumplimiento de Resolución, págs. 1-7.

acreedor del privilegio de libertad bajo palabra. *No se cometió el error señalado.*

El señor Sierra de Jesús no aportó evidencia suficiente, para derrotar la presunción de corrección que caracteriza la decisión del foro administrativo. Es menester destacar que, al desempeñar nuestra función revisora, estamos obligados a considerar la especialización, experiencia y las cuestiones propias de la discreción o pericia de las agencias administrativas. En vista de lo anterior, consideramos que la agencia recurrida no actuó de manera arbitraria, ilegal, irrazonable, o fuera del marco de los poderes que se le delegaron, la totalidad de la evidencia que obra en el récord nos obliga a confirmar el dictamen recurrido.

Reiteramos que, la determinación de la JLBP está investida de una presunción de legalidad y corrección. Ante la gran deferencia que merecen sus decisiones, nuestra revisión judicial se limita a determinar si dicha agencia actuó de forma arbitraria, ilegal, o tan irrazonable que implique abuso de discreción. **Luego de un examen de la totalidad del expediente, podemos concluir que la JLBP no abusó de su discreción al denegar el privilegio al señor Sierra de Jesús, pues sencillamente al momento de ser evaluado, este no contaba con los criterios para la concesión del privilegio.**

**IV.**

Por los fundamentos antes expuestos, los cuales hacemos formar parte integral de la presente *Sentencia,* confirmamos la "*Resolución*" recurrida, emitida por la Junta de Libertad Bajo Palabra.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones