FRANKLYN W. RAMÍREZ RIVERA, demandante y peticionario, *v.* DEPARTAMENTO DE SALUD y ADMINISTRACIÓN DE SALUD MENTAL y CONTRA LA ADICCIÓN, demandado y recurrido.

*Número:* CC-98-627      *Resuelto:* 26 de marzo de 1999

*María Mercedes Febus Ortiz*, abogada del peticionario; *Héctor Quijano Borges*, del *Bufete Méndez Méndez & Quijano Borges*, abogado del recurrido.

PER CURIAM: El Sr. Franklyn W. Ramírez Rivera recurre de una decisión del Tribunal de Circuito de Apelaciones mediante la cual se revocó una decisión de la Junta de Apelaciones del Sistema de Administración de Personal (en adelante J.A.S.A.P.). Dicho foro administrativo revocó el traslado de Ramírez Rivera a la Administración de Servi-

cios de Salud Mental y Contra la Adicción, por entender que su traslado fue con propósitos disciplinarios, en violación de la Ley de Personal del Servicio Público de Puerto Rico, Ley Núm. 5 de 14 de octubre de 1975, según enmendada, 3 L.P.R.A. sec. 1301 *et seq.* Por considerar que el traslado ordenado por la Secretaria del Departamento de Salud fue esencialmente una medida disciplinaria, procede reinstalar la decisión administrativa y revocar la del tribunal apelativo.

I

El Sr. Franklyn W. Ramírez Rivera trabajaba desde 1992 en el "Programa de Salud Correccional" del Departamento de Salud. Dicho programa se creó con el propósito de ofrecer servicios de salud a la clientela del sistema correccional, y es administrado por la Administración de Facilidades y Servicios de Salud (en adelante A.FA.S.S.).([1]) Ramírez Rivera brindaba sus servicios en el Campamento El Limón de Mayagüez.

En 1995 la Secretaria del Departamento de Salud ordenó el traslado de Ramírez Rivera a la Administración de Servicios de Salud Mental y Contra la Adicción (en adelante A.S.S.M.C.A.),([2]) por: (a) "no haber [c]ompletado su expediente de personal en una fecha establecida" y (b) por "'anteriormente ha[ber] mostrado conducta de indisciplina

---

([1]) La Administración de Facilidades y Servicios de Salud (en adelante A.FA.S.S.) fue creada en virtud de la Ley Núm. 26 de 13 de noviembre de 1975, según enmendada, 24 L.P.R.A. sec. 337 *et seq.* A.FA.S.S. es un administrador individual para propósitos de la Ley de Personal del Servicio Público de Puerto Rico, 24 L.P.R.A. sec. 337d, y está adscrita al Departamento de Salud, 24 L.P.R.A. sec. 337c(a).

([2]) La Administración de Servicios de Salud Mental y Contra la Adicción (en adelante A.S.S.M.C.A.) fue creada en virtud de la Ley Núm. 67 de 7 de agosto de 1993, según enmendada, 3 L.P.R.A. sec. 402 *et seq.* A.S.S.M.C.A. es un administrador individual para propósitos de la Ley de Personal del Servicio Público de Puerto Rico, 3 L.P.R.A. sec. 402s, y está adscrita al Departamento de Salud, 3 L.P.R.A. sec. 402.

...".(³) Apéndice, pág. 33. En virtud del traslado, él fue ubicado en la Clínica de Niños y Adolescentes de Mayagüez.

Oportunamente, Ramírez Rivera impugnó su traslado ante J.A.S.A.P. Dicho foro celebró vistas públicas, en las cuales se presentó prueba oral y documental. Luego de analizar la prueba, J.A.S.A.P. revocó el traslado por entender que fue arbitrario, que representó un mecanismo disciplinario y que violó la Sec. 4.4(5) de la Ley de Personal del Servicio Público de Puerto Rico, 3 L.P.R.A. sec. 1334(5).

El Departamento de Salud recurrió al Tribunal de Circuito de Apelaciones. Dicho tribunal revocó la decisión de J.A.S.A.P.,(⁴) por entender que Ramírez Rivera no fue realmente trasladado a A.S.S.M.C.A., ya que esa agencia era verdaderamente su patrono. El tribunal apelativo determinó que Ramírez Rivera trabajaba para la Secretaría Auxiliar del Departamento de Salud, la cual fue transferida *con todo su personal* a A.S.S.M.C.A., en virtud de la Ley Núm. 67 de 7 de agosto de 1993 (3 L.P.R.A. sec. 402 *et seq.*). Por lo tanto, Ramírez Rivera fue parte del personal de la Secretaría Auxiliar que fue transferido a A.S.S.M.C.A., en virtud de dicha ley.

Inconforme, Ramírez Rivera recurrió ante nos y emitimos una orden de mostrar causa por la que no debíamos revocar el dictamen recurrido del Tribunal de Circuito de Apelaciones. Examinado dicho dictamen a la luz de las

---

(³) Su expediente estaba incompleto porque faltaba la prueba de que había pagado las cuotas de colegiación al Colegio de Trabajadores Sociales. En cuanto a la falta de disciplina, no surge del Informe de la Oficial Examinadora cuál era exactamente la conducta impropia de Ramírez Rivera. El informe se limita a indicar que una carta, que obra en el expediente de personal de Ramírez Rivera, informa que el peticionario "anteriormente ha mostrado conducta de indisciplina, insubordinación, faltas de respeto a sus superiores y ha provocado situaciones difíciles en los aspectos de seguridad de la Administración de Corrección". Apéndice, págs. 33–34. La carta fue dirigida a la Secretaria de Salud tres (3) meses antes del traslado. Determinación de hecho número ocho (8) del Informe de la Oficial Examinadora.

(⁴) En este caso figuran como demandados el Departamento de Salud y A.S.S.M.C.A. No obstante, sólo el primero acudió en revisión al Tribunal de Circuito de Apelaciones y, de igual manera, fue la única parte recurrida que compareció ante nos.

comparecencias de ambas partes, resolvemos según intimado.

## II

La Sec. 4.5 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (en adelante L.P.A.U.) dispone, en lo pertinente, que "[l]as *determinaciones de hechos* de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo". (Énfasis suplido.) 3 L.P.R.A. sec. 2175. Evidencia sustancial es aquella evidencia pertinente que "una mente razonable pueda aceptar como adecuada para sostener una conclusión". *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.*, 144 D.P.R. 425 (1997); *Hilton Hotels International, Inc. v. Junta de Salario Mínimo*, 74 D.P.R. 670, 687 (1953).

La parte afectada por una determinación de hecho de una agencia debe, en primer lugar, *"demostrar que existe otra prueba* en el récord que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración". *Misión Ind. P.R. v. J.P.*, 146 D.P.R. 64 (1998). Véanse: *Metropolitana S.E. v. A.R.Pe.*, 138 D.P.R. 200 (1995); *Hilton Hotels v. Junta de Salario Mínimo*, supra, pág. 686. Si la parte afectada no demuestra la existencia de esa otra prueba, las determinaciones de hechos de una agencia deben ser sostenidas por el tribunal revisor.

Exigir tal demostración inicial tiene el propósito de evitar que la parte afectada impugne las determinaciones de hechos con meras alegaciones, a la vez que sostiene la presunción de corrección y legalidad de que disfrutan las decisiones administrativas. Véanse: *Henríquez v. Consejo de Educación Superior*, 120 D.P.R. 194, 210 (1987); *Cataly-*

*tic Ind. Maint. Co. v. F.S.E.*, 121 D.P.R. 98, 101–102 (1988); *Murphy Bernabe v. Tribunal Superior*, 103 D.P.R. 692, 699 (1975).

■ Por el contrario, si se le señala al tribunal revisor la prueba que *menoscaba* las determinaciones de hecho de la agencia, el tribunal revisor debe proceder a examinar el expediente administrativo para determinar si las conclusiones de hecho encuentran apoyo en la evidencia sustancial que obra en dicho expediente.

En el caso ante nos, J.A.S.A.P. concluyó .que Ramírez Rivera trabajaba para el Programa de Salud Correccional y no para la Secretaría Auxiliar, como sostenía el Departamento de Salud. En su comparecencia ante el tribunal apelativo y ante este Tribunal, el Departamento de Salud se limitó a *alegar* que Ramírez Rivera brindaba sus servicios en la Secretaría Auxiliar.[5] Luego elaboró su argumentación de derecho a base de tal hecho alegado.

En su escrito ante nos, el Departamento de Salud no demostró que ante J.A.S.A.P. se presentó prueba que sustentara su alegación de que Ramírez Rivera trabajaba en la Secretaría Auxiliar del Departamento de Salud. Como explicáramos, meras alegaciones no son suficiente para impugnar los hechos concluidos por el foro administrativo. El Departamento de Salud tenía que indicarle al Tribunal de Circuito de Apelaciones cuál era la evidencia que menoscababa los hechos concluidos por J.A.S.A.P. En ausencia de tal indicación, el tribunal apelativo no debió alterar los hechos concluidos por la agencia administrativa.

El Tribunal de Circuito de Apelaciones no sólo concluyó,

---

[5] Ante el Tribunal de Circuito de Apelaciones, el Departamento de Salud alegó que "[e]l apelante siempre fue un empleado del Departamento de Salud adscrito a la Secretaría Auxiliar de Salud Mental", y que "[e]l apelante nunca ha sido nombrado ni ha pertenecido al Programa de Salud Correccional". Apéndice, págs. 17 y 18. Ante nos, aduce que "el recurrente en este caso NUNCA ha ocupado un puesto en el *Programa de Salud Correccional* ni ha prestado servicios en éste", y que "[e]l recurrente siempre fue un empleado del Departamento de Salud adscrito a la Secretaría Auxiliar de Salud Mental ...". Moción mostrando causa, págs. 5 y 10.

a base de alegaciones, que Ramírez Rivera no trabajaba en el Programa de Salud Correccional, sino que adoptó todos los hechos adicionales alegados por el Departamento de Salud. En esencia, esos hechos consisten en que Ramírez Rivera, aunque era supuestamente empleado de la Secretaría Auxiliar, fue enviado al Programa de Salud Correccional de manera *condicional*. La condición para convertirse en empleado oficial del Programa de Salud Correccional era "completa[r] su expediente dentro del término establecido". Dado que Ramírez Rivera no "completó su expediente", su transferencia al Programa de Salud Correccional no se formalizó, y siguió siendo empleado de A.S.S.M.C.A.

De esta forma, resulta claro que el Tribunal de Circuito de Apelaciones sustituyó los hechos que determinó J.A.S.A.P. por aquellos alegados por el Departamento de Salud. Por consiguiente, dicho tribunal ignoró los principios reiterados sobre la revisión judicial de decisiones administrativas.

Nos resta determinar, a la luz de los criterios de revisión judicial de las determinaciones de derecho de las agencias administrativas, si debemos sostener las conclusiones jurídicas de J.A.S.A.P.

## III

La conclusiones de derecho de una agencia son "revisables en todos sus aspectos por el tribunal". Sec. 4.5 de la L.P.A.U., *supra*. Hemos expresado que esto no significa que el tribunal puede descartar libremente las conclusiones e interpretaciones de la agencia concernida, *Misión Ind. P.R. v. J.P.*, supra, sino que, por el contrario, dichas interpretaciones y conclusiones merecen deferencia de los tribunales revisores. *Metropolitana S.E. v. A.R.PE.*, supra; *Fac. C. Soc. Aplicadas, Inc. v. C.E.S.*, 133 D.P.R. 521 (1993).

En el caso ante nos, J.A.S.A.P. determinó que el traslado del apelante fue utilizado como medida disciplinaria, y que fue un traslado arbitrario. En otras palabras, el traslado no respondió a necesidades del sistema ni fue solicitado por Ramírez Rivera. Entendió dicho foro que esa actuación violó la Sec. 4.4(5) de la Ley de Personal del Servicio Público de Puerto Rico, *supra*. Tal conclusión jurídica es correcta. Veamos.

■ La Sec. 4.4(5) de la Ley de Personal del Servicio Público de Puerto Rico, *supra*, prohíbe claramente tanto un traslado arbitrario como uno que sea utilizado como medida disciplinaria. Dicha prohibición es "[u]no de los aspectos fundamentales" de dicha ley. *Torres Arzola v. Policía de P.R.*, 117 D.P.R. 204, 210 (1986). La sección aludida dispone:

> Los traslados no podrán ser utilizados como medida disciplinaria ni podrán hacerse arbitrariamente. Sólo podrán hacerse a solicitud del empleado, o cuando respondan a necesidades del servicio según se establezca mediante reglamento y el traslado no resulte oneroso para el empleado. Se exceptúan de esta disposición aquellos sistemas en que se utilice el concepto de rango. 3 L.P.R.A. sec. 1334(5).

Las conclusiones de hecho de J.A.S.A.P. indican que el empleado fue trasladado del Programa de Salud Correccional a A.S.S.M.C.A. porque no proveyó cierta documentación relacionada con el pago de sus cuotas de colegiación e incurrió en conducta impropia. Ante tales determinaciones de hecho, es manifiesta la transgresión de la Sec. 4.4(5) de la Ley de Personal del Servicio Público de Puerto Rico, *supra*. Por lo tanto, las conclusiones de derecho de J.A.S.A.P. son correctas.

Por las razones antes expuestas, *resolvemos que Ramírez Rivera fue trasladado en violación a la Ley de Personal de Servicio Público de Puerto Rico*, supra. *Por ende, se ex-*

*pide el auto de "certiorari", se dicta sentencia en la que se revoca la decisión del Tribunal de Circuito de Apelaciones y se confirma la resolución de J.A.S.A.P.*

Los Jueces Asociados Señores Negrón García y Corrada Del Río disintieron sin opinión escrita.