ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| OMAR ALEXANDER AGOSTO CORTÉS<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrido | KLRA202400388 | *REVISIÓN ADMINISTRATIVA* procedente de la Junta de Libertad Bajo Palabra<br><br>Caso Núm. 0146304<br><br>Confinado Núm.: B308-15765<br><br>Sobre: No Concesión del Privilegio de Libertad Bajo Palabra – Volver a Considerar |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de septiembre de 2024.

Comparece ante nos, Omar Agosto Cortés, (en adelante, "recurrente"), quien presenta un recurso de revisión en el cual solicita la revocación de la *Resolución* del 9 de mayo de 2024 de la Junta de Libertad Bajo Palabra, (en adelante, "recurrida" o "JLBP"), donde se denegó el privilegio de libertad bajo palabra bajo el fundamento de la "cercanía" del hogar propuesto con la residencia de una de las víctimas.[1] El 18 de junio de 2024 el recurrente presentó *Moción de Reconsideración de no Conceder Privilegio de Libertad Bajo Palabra* la cual fue declarada sin lugar de plano.[2]

El 22 de agosto de 2024 emitimos una *Resolución* donde ordenamos a la Junta de Libertad Bajo Palabra, por conducto de la Oficina del Procurador General, a que sometiera copia del expediente administrativo del caso 0146304 y expusiera su posición sobre el recurso. El 28 de agosto de 2024 la JLBP presentó el

---

[1] Anejo XII del apéndice del Recurso de Revisión Judicial, págs. 40-45.
[2] Anejo XIII del apéndice del Recurso de Revisión Judicial, págs. 46-50.

expediente administrativo y posteriormente, el 4 de septiembre de 2024, la JLBP presentó *Escrito en Cumplimiento de Resolución*. En síntesis, esbozó el derecho aplicable sobre la revisión judicial sobre las determinaciones de las agencias, la operación de la JLBP al evaluar a un miembro de la población correccional una vez adviene a ser candidato al beneficio, entre otros asuntos. Sin embargo, la recurrida expuso en su escrito:

> **Como adelantamos, a la luz de una información contenida en el expediente, la JLBP informó que concederá el privilegio al recurrente. Por lo tanto, procedería la devolución del caso a la agencia para que continúe en su curso ordinario el proceso de concesión del privilegio.** No obstante, como una cuestión cautelar explicamos porque la argumentación del recurrente no encuentra sustento jurídico y podría inducir a error. [...].[3]
>
> .        .        .        .        .        .        .        .
>
> Aclarado lo anterior, reiteramos que luego de evaluar la totalidad del expediente administrativo incluyendo la información confidencial que obra en sobre sellado de la víctima, la JLBP informó que estaría concediendo el privilegio de libertad bajo palabra al recurrente. Por lo tanto, solicitamos a este Honorable Tribunal que devuelva el caso a 1 JLBP para que inicie el correspondiente proceso de concesión.[4]

El 9 de septiembre de 2024 el señor Agosto Cortés presentó una *Breve Replica Urgente al Escrito en Cumplimiento de Resolución*, que en esencia, destacó que la JLBP habría denegado sin razón su solicitud por lo que procedía la revocación del caso de epígrafe.

El 20 de septiembre de 2024 le concedimos un término a la JLBP para que nos remitiera el dictamen aludido donde informa que la JLBP concedería el privilegio de libertad bajo palabra al recurrente, toda vez que el expediente ante nuestra consideración no obraba tal documento. La JLBP compareció mediante *Moción en Cumplimiento de Resolución* el 25 de septiembre de 2024 la cual acompañó una *Certificación de Resolución de Conceder el Privilegio*

---

[3] Escrito en Cumplimiento de Resolución, pág. 16.
[4] *Íd,* pág. 20

en la que en síntesis reafirmó la postura expresada el 4 de septiembre de 2024 de otorgar la libertad condicional al recurrente.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración se revoca la determinación recurrida y se devuelve el recurso a la agencia para la continuación de los procedimientos.

**-I-**

El recurrente cumple una *Sentencia* de cuarenta años por los delitos de Asesinato en Segundo Grado y Art. 5.04 de la Ley de Armas de Puerto Rico, Ley 404-2000, por hechos acaecidos el 22 de diciembre de 2004. La JLBP adquirió jurisdicción sobre el caso el 5 de diciembre de 2016 al amparo de la Ley Núm. 85-2022.

En lo pertinente, el 12 de agosto de 2022, la JLBP emitió una *Resolución* en la cual denegó el privilegio de libertad bajo palabra al recurrente.  En esta, le ordenó al Departamento de Corrección y Rehabilitación referir el caso una vez el recurrente extinguiera la Sentencia por el Art. 5.04 de la Ley de Armas y fuera elegible.[5] No obstante, el 12 de julio de 2023, el recurrente presentó una *Moción Informativa-Falta de Jurisdicción,* en la cual arguyó que la JLBP tenía jurisdicción para atender el caso en virtud de la aprobación de la Ley 168 de 2019 que enmendó el Art. 6.01 de la Ley de Armas, y solicitó la celebración de una vista de consideración.[6]

Como resultado de la referida moción, la JLBP emitió una *Resolución* el 1 de agosto de 2023, en la cual informó que citó la celebración de la vista de consideración para el 29 de septiembre de 2023, notificada el 5 de julio de 2023.[7] El 19 de diciembre de 2023, el Departamento de Corrección presentó el *Informe Breve de Libertad Bajo Palabra*, emitido el 15 de diciembre de 2023.[8]

---

[5] Anejo VI del apéndice del Recurso de Revisión Judicial, págs.22-25.
[6] Anejo VII del apéndice del Recurso de Revisión Judicial, págs. 26-27.
[7] Anejo VIII del apéndice del Recurso de Revisión Judicial, págs. 28-29.
[8] Anejo IX del apéndice del Recurso de Revisión Judicial, págs. 30-32.

Debido a la falta de jurisdicción de la JLBP tras el incumplimiento con la notificación a las víctimas del caso, el 8 de febrero de 2024, la JLBP emitió una *Resolución* en la cual ordenó una nueva fecha para la citación de la vista de consideración.[9]

El 22 de abril de 2024, se celebró la vista de consideración de concesión de libertad bajo palabra. El 6 de mayo de 2024, la JLBP rindió el *Informe del Oficial Examinador,* en el cual no se recomendó la concesión del privilegio debido a que la residencia propuesta no era viable debido a la "cercanía" con el hogar de la parte perjudicada del caso.[10] El 8 de mayo de 2024, la JLBP emitió su *Resolución* en la cual denegó el privilegio de libertad bajo palabra al recurrente por el mismo fundamento.[11]

El 18 de junio de 2024, el recurrente presentó una *Moción en Reconsideración de Resolución de no Conceder el Privilegio de Libertad Bajo Palabra* en la cual arguyó que la determinación de la JLBP no está fundamentada en evidencia sustancial. Añadió que la JLBP abusó de discreción y que se le violentó el debido proceso de ley. Lo anterior, debido a que la información que constaba en el expediente del caso: confirmaba la viabilidad de la residencia propuesta, contrario a lo establecido mediante *Resolución,* no le fue divulgada y tampoco fue discutida durante la vista de consideración. Por último, el recurrente expuso que la determinación relacionada con la "cercanía" de las residencias constituye prueba *ex parte.*[12]

Inconforme, el 19 de julio de 2024, el recurrente presentó el *Recurso de Revisión* que nos ocupa en el cual señaló el siguiente error:

> ABUSÓ DE SU DISCRECIÓN LA JUNTA DE LIBERTAD BAJO PALABRA (JLBP) AL NO CONCEDER EL PRIVILEGIO DE LIBERTAD A PRUEBA AL PETICIONARIO TOMANDO EN CONSIDERACIÓN EVIDENCIA *EX PARTE,* SIN QUE EL RECURRENTE

---

[9] Anejo X del apéndice del Recurso de Revisión Judicial, págs. 33-35.
[10] Anejo XI del Recurso de Revisión Judicial, págs. 36-38.
[11] Anejo XII del Recurso de Revisión Judicial, págs. 40-2.
[12] Anejo XII del Recurso de Revisión Judicial, págs. 46-50.

PUDIERA CONFRONTAR O PRESENTAR EVIDENCIA DE REFUTACIÓN EN CRASA VIOLACIÓN AL DEBIDO PROCESO DE LEY, RESULTANDO EN UNA DETERMINACIÓN QUE: (1) NO ESTÁ BASADA EN EXPEDIENTE, (2) NI ESTÁ BASADA EN EVIDENCIA SUSTANCIAL.

Con la comparecencia de las partes, examinado el recurso en su totalidad, procedemos a exponer el derecho aplicable en aras de resolver.

**-II-**

En nuestro ordenamiento jurídico, las decisiones de las agencias administrativas están investidas de una presunción de legalidad y corrección. *Capó Cruz v. Jta. Planificación et al.*, 204 DPR 581, 591 (2020); *García Reyes v. Cruz Auto Corp.,* 173 DPR 870, 893 (2008). Lo anterior se fundamenta en el conocimiento especializado y la experiencia (*expertise*) sobre la materia que su ley habilitadora le confiere jurisdicción. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.*, 144 DPR 425, 436 (1997); *Misión Ind. P.R. v. JP y AAA*, 142 DPR 656, 672-673 (1997). En otras palabras, el conocimiento especializado de la agencia justifica que se sostengan sus determinaciones. Por lo que, en virtud de nuestro ejercicio de revisión judicial, le debemos gran deferencia a las decisiones emitidas por los foros administrativos. *Pérez López v. Dpto. Corrección*, 208 DPR 656, 673-674 (2022); *Super Asphalt v. AFI y otros*, 206 DPR 803, 819 (2021).

Dentro de este contexto, la revisión judicial se limita a determinar si la agencia actuó de forma arbitraria, ilegal, o tan irrazonable que implique abuso de discreción. *OCS v. Point Guard Ins.,* 205 DPR 1005, 1026-1027 (2020); *Rivera Concepción v. ARPe.*, 152 DPR 116, 122 (2000). Esto significa que el tribunal respetará el dictamen de la agencia, salvo que no exista una base racional que fundamente la actuación administrativa. *ECP Incorporated v. OCS*, 205 DPR 268, 282 (2020); *Misión Ind. P.R. v. J.P.*, 146 DPR 64, 134-

135 (1998).  **Así, la revisión judicial suele limitarse a determinar si: (1) <u>el remedio concedido por la agencia fue el apropiado</u>; (2) las determinaciones de hechos realizadas por la agencia están sostenidas por evidencia sustancial en el expediente administrativo; y (3) <u>si las conclusiones de derecho fueron correctas.</u>** *Pacheco v. Estancias*, 160 DPR 409, 431 (2003).  (Énfasis suplido y subrayado nuestro).

**Ahora bien, esa presunción de legalidad no constituye un dogma inflexible que impide la revisión judicial si no existen las condiciones que sostienen la deferencia**. (Énfasis suplido). En el caso de *Torres Rivera v. Policía de PR*, 196 DPR 606 (2016), el Tribunal Supremo de Puerto Rico se expresó sobre el alcance de la revisión judicial y mencionó lo siguiente:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero ésta cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que, si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos procede que se valide la interpretación que realizó la agencia administrativa recurrida. *Íd.*, a la pág. 628.

Por ende, como norma general, el tribunal revisor le debe respeto y deferencia al dictamen administrativo.  No obstante, si el foro revisor entiende que uno de estos factores está presente, podrá entonces modificar la decisión.  De lo contrario, se abstendrá a ello.  Es pertinente enfatizar que la doctrina no exige que la agencia tome la mejor decisión posible, sino que el criterio a evaluar es si la misma, dentro de las circunstancias particulares del caso, es razonable.  *De Jesús v. Depto. Servicios Sociales*, 123 DPR 407, 417-418 (1989). Por ende, si existe más de una interpretación razonable de los hechos, ordinariamente se avalará la decisión del foro

administrativo. *Super Asphalt v. AFI y otros, supra,* a la pág. 819; *Torres Rivera v. Policía de PR, supra,* a la pág. 628.

En lo concerniente al alcance de la revisión judicial, la sección 4.5 de la de Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico limita la discreción del tribunal revisor sobre las determinaciones de hecho que realiza la agencia administrativa. 3 LPRA sec. 9675. Como consecuencia, la revisión judicial de los tribunales para determinar si un hecho se considera probado o no se limita conforme la siguiente norma:

> **El tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.**
>
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
>
> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal. Ley Núm. 38-2017, 3 LPRA sec. 9675.

El Tribunal Supremo de Puerto Rico define el concepto de evidencia sustancial como "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Otero v. Toyota,* 163 DPR 716, 728 (2005); *Misión Ind. P.R.* v. *J.P., supra,* pág. 131. Además, dicho Foro ha reiterado que:

> Para que un tribunal pueda decidir que la evidencia en el expediente administrativo no es sustancial es necesario que la parte afectada demuestre que existe otra prueba en el récord que razonablemente reduzca o menoscabe el peso de tal evidencia, hasta el punto de que un tribunal no pueda, concienzudamente, concluir que la evidencia sea sustancial, en vista de la prueba presentada y hasta el punto que se demuestre claramente que la decisión [del organismo administrativo] no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración. *Domínguez v. Caguas Expressway Motors,* 148 DPR 387, 397-398 (1999); *Hilton Hotels v. Junta Salario Mínimo,* 74 DPR 670, 686 (1953).

Por tal razón, es la parte que impugna la decisión administrativa quien tiene que producir evidencia de tal magnitud

que conmueva la conciencia y tranquilidad del juzgador, de forma que éste no pueda concluir que la decisión de la agencia fue justa, porque simple y sencillamente la prueba que consta en el expediente no la justifica. Ello implica que "[s]i en la solicitud de revisión la parte afectada no demuestra la existencia de esa otra prueba, las determinaciones de hecho de la agencia deben ser sostenidas por el tribunal revisor". *Domínguez v. Caguas Expressway Motors, supra*, pág. 398; *Ramírez v. Depto. de Salud*, 147 DPR 901, 905 (1999).

**-III-**

El recurrente señala como error que la Junta de Libertad Bajo Palabra abusó de su discreción al no concederle el privilegio de libertad a prueba tomando en consideración evidencia *Ex Parte*, sin que pudiera confrontar o presentar evidencia de refutación en crasa violación al debido proceso de ley, resultando en una determinación que no estaba basada en el expediente y tampoco estaba basada en evidencia sustancial.

La JLBP compareció ante nos, y aceptó que había errado en emitir la determinación del 9 de mayo de 2024 donde concluyó que el recurrente no cualificaba para el beneficio del privilegio de libertad bajo palabra. Nótese que, no fue hasta cuatro meses después, el 4 y 25 de septiembre de 2024, respectivamente, conducida por nuestra intervención, y luego que el recurrente presentase el recurso que nos ocupa, es que la JLBP nos solicita la devolución del caso para evaluarlo correctamente, y evaluar en la totalidad de las circunstancias el conceder finalmente el privilegio al recurrente. Discutido lo anterior, determinamos que la *Resolución* del 9 de mayo de 2024 fue un errada en derecho, tal y como propiamente la agencia aceptó, por lo que solicita revocar la determinación emitida.

## -IV-

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, se *revoca* la determinación recurrida y se devuelve el caso a la agencia para la continuación de los procedimientos acorde con lo dictado en esta *Sentencia.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones