Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| TRANSPORTE SONNELL LLC<br>Querellante-Recurrente<br><br>Vs.<br><br>DEPARTAMENTO DE EDUCACIÓN DEL GOBIERNO DE PUERTO RICO<br><br>Querellado-Recurrido | TA2025RA00274 | *REVISIÓN ADMINISTRATIVA* procedente de la Junta Reglamentadora de Servicio Público, Negociado de Transporte y Otros Servicios Públicos<br><br>Solicitud Núm. QT-82227<br><br>Sobre: DENUNCIA |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de diciembre de 2025.

Comparece ante nos, Transporte Sonnell, LLC (en adelante, Transporte Sonnell o recurrente), para que dejemos sin efecto la *Resolución y Orden* emitida por la Junta Reglamentadora de Servicio Público de Puerto Rico, Negociado de Transporte y Otros Servicios Públicos (en adelante, NTSP), el 11 de septiembre de 2025 y notificada el 17 de septiembre de 2025. Mediante la misma, el referido organismo ordenó el archivo de la querella presentada por el recurrente en contra del Departamento de Educación del Gobierno de Puerto Rico (en adelante, Departamento de Educación o parte recurrida).

Por los fundamentos que expondremos a continuación, se *confirma* la determinación administrativa recurrida.

*-I-*

El 2 de diciembre de 2024, el recurrente presentó la querella de epígrafe, en contra del Departamento de Educación.[1] En ella,

---
[1] Apéndice del Recurso, Entrada Núm. 1.

alegó que en una reunión de la pre-subasta SF OC 2024-016 la parte recurrida había autorizado a transportistas escolares para que utilizaran vehículos tipo Toyota Yaris o Jeep para el transporte de estudiantes. Arguyó que lo anterior incumplía con el Código de Reglamentos del Negociado de Transporte y Otros Servicios Públicos, Reglamento Núm. 9358 de 7 de febrero de 2022 (Reglamento Núm. 9358) y con la reglamentación federal de la Administración Nacional de Seguridad del Tráfico en las Carreteras (NHTSA, por sus siglas en inglés).

Tras varios incidentes procesales, el 12 de marzo de 2025, el Departamento de Educación presentó *Moción de Desestimación.*[2] Sostuvo, que el 28 de febrero de 2025, hubo un aviso de cancelación de la subasta SF OC 2024-016. Por ello, solicitó la desestimación de la querella presentada en su contra, por entender que el pleito se tornó académico.

En desacuerdo, el 11 de abril de 2025, el recurrente presentó *Oposición a Moción de Desestimación de Querella QT-82227.*[3] En el referido escrito, arguyó que la querella de epígrafe fue presentada por tomar como ciertas las supuestas expresiones realizadas por el gerente de la unidad de transportación escolar del Departamento de Educación, referente a utilizar vehículos de menor cabida. Además, sostuvo que, si no se adoptaba algún remedio en el futuro, la parte recurrida autorizaría vehículos que no cumplen con los requisitos impuestos en el Reglamento Núm. 9358, supra y la reglamentación federal de la NHTSA.

Ante las posturas de las partes, el 8 de mayo de 2025, el NTSP emitió una *Orden* para que la Oficina de Abogados del Interés Público evaluara el expediente y determinara si existió alguna violación a la Ley de Servicio Público de Puerto Rico, Ley Núm. 109

---

[2] *Íd.* Entrada Núm. 6.
[3] *Íd.* Entrada Núm. 8.

de 28 de junio de 1962, según enmendada, 27 LPRA sec. 1001 *et seq.* (Ley Núm. 109-1962) y cualquier otro reglamento aplicable.[4]

En cumplimiento de orden, el 10 de junio de 2025, la Oficina de Abogados del Interés Público determinó que no presentaría una orden para mostrar causa, toda vez que no se evidenció que el Departamento de Educación incurrió en violación con la Ley Núm. 109-1962, *supra,* ni con el Reglamento Núm. 9358, *supra.* Sostuvo, además, que las actuaciones del Departamento de Educación se encontraban dentro del marco regulatorio del NTSP.[5]

Examinado lo anterior, el foro administrativo emitió la *Resolución y Orden* que nos ocupa. En el referido dictamen, concluyó que, según las alegaciones del recurrente, la Oficina de Abogados del Interés Público determinó no emitir una orden para mostrar causa. Por ello, el NTSP ordenó el archivo de la querella de epígrafe, en contra del Departamento de Educación por no justificarse la concesión de un remedio. En consecuencia, declaró *No Ha Lugar* la moción de desestimación presentada por la parte recurrida.[6]

Inconforme, el 8 de octubre de 2025, el recurrente compareció ante nos mediante el presente recurso de revisión administrativo. En el mismo expone el siguiente señalamiento de error:

> Erró el NTSP al concluir que la orden administrativa Núm. II-2022 es suficiente para permitirle al DEPR autorizar el uso, como transporte escolar, de vehículos que incumplen con exigencias claramente establecidas por la reglamentación federal aplicable.

Por su parte, 7 de noviembre de 2025, el Departamento de Educación, representado por la Oficina del Procurador General de Puerto Rico, presentó su oposición al recurso de epígrafe. Igualmente, el NTSP presentó copia certificada del expediente administrativo.

---

[4] *Íd.* Entrada Núm. 9.
[5] *Íd.* Entrada Núm. 10.
[6] *Íd.* Entrada Núm. 2.

Así, con el beneficio de la comparecencia de las partes, así como del contenido del expediente administrativo y el derecho aplicable, procedemos a expresarnos.

*-II-*

*-A-*

En nuestro ordenamiento jurídico, los tribunales apelativos están llamados a abstenerse de intervenir con las decisiones emitidas por las agencias administrativas, todo en deferencia a la vasta experiencia y conocimiento especializado que les han sido encomendados. *Jusino Rodríguez v. Junta de Retiro,* 2024 TSPR 138, 215 DPR ___ (2024); *Otero Rivera v. USAA Fed. Savs. Bank, Inc.,* 214 DPR 473, 484 (2024); *Voili Voilá Corp. v. Mun. Guaynabo,* 213 DPR 743, 754 (2024); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018); *The Sembler Co. v. Mun. de Carolina,* 185 DPR 800, 821-822 (2012).

Dentro de este contexto, la revisión judicial se limita a determinar si la agencia actuó de forma arbitraria, ilegal, o tan irrazonable que implique abuso de discreción. *OCS v. Point Guard Ins.,* 205 DPR 1005, 1026-1027 (2020); *Rivera Concepción v. ARPe.,* 152 DPR 116, 122 (2000). Esto significa que, el tribunal respetará el dictamen de la agencia, salvo que no exista una base racional que fundamente la actuación administrativa. *ECP Incorporated v. OCS,* 205 DPR 268, 282 (2020); *Misión Ind. P.R. v. J.P.,* 146 DPR 64, 134-135 (1998). Así, la revisión judicial suele limitarse a determinar si: (1) el remedio concedido por la agencia fue el apropiado; (2) las determinaciones de hechos realizadas por la agencia están sostenidas por evidencia sustancial en el expediente administrativo; y (3) si las conclusiones de derecho fueron correctas. *Pacheco v. Estancias,* 160 DPR 409, 431 (2003).

Ahora bien, esa presunción de legalidad no constituye un dogma inflexible que impida la revisión judicial si no existen las

condiciones que sostienen la deferencia. En el caso de *Torres Rivera v. Policía de PR,* 196 DPR 606, 628 (2016), el Tribunal Supremo de Puerto Rico se expresó sobre el alcance de la revisión judicial y mencionó lo siguiente:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero ésta cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que, si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos procede que se valide la interpretación que realizó la agencia administrativa recurrida.

Por ende, como norma general, el tribunal revisor debe respeto y deferencia al dictamen administrativo. No obstante, si el foro revisor entiende que uno de estos factores está presente, podrá entonces modificar la decisión. De lo contrario, se abstendrá a ello. Es pertinente enfatizar que la doctrina no exige que la agencia tome la mejor decisión posible, sino que el criterio a evaluar es si la misma, dentro de las circunstancias particulares del caso, es razonable. *De Jesús v. Depto. Servicios Sociales*, 123 DPR 407, 417-418 (1989). Por ende, si existe más de una interpretación razonable de los hechos, ordinariamente se avalará la decisión del foro administrativo. *Super Asphalt v. AFI y otros, supra,* a la pág. 819; *Torres Rivera v. Policía de PR, supra,* a la pág. 628.

En lo concerniente al alcance de la revisión judicial, la sección 4.5 de la de Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9675, limita la discreción del tribunal revisor sobre las determinaciones de hecho que realiza la agencia administrativa. 3 LPRA sec. 9675. Como consecuencia, la revisión judicial de los tribunales para

determinar si un hecho se considera probado o no se limita conforme la siguiente norma:

El tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.

Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.

Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal. *Íd.*

El Tribunal Supremo de Puerto Rico define el concepto de evidencia sustancial como "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Otero v. Toyota,* 163 DPR 716, 728 (2005); *Misión Ind. P.R. v. J.P., supra,* pág. 131. Además, reiteró:

Para que un tribunal pueda decidir que la evidencia en el expediente administrativo no es sustancial es necesario que la parte afectada demuestre que existe otra prueba en el récord que razonablemente reduzca o menoscabe el peso de tal evidencia, hasta el punto de que un tribunal no pueda, concienzudamente, concluir que la evidencia sea sustancial, en vista de la prueba presentada y hasta el punto que se demuestre claramente que la decisión [del organismo administrativo] no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración.

Por tal razón, es la parte que impugna la decisión administrativa quien tiene que producir evidencia de tal magnitud que conmueva la conciencia y tranquilidad del juzgador, de forma que éste no pueda concluir que la decisión de la agencia fue justa, porque simple y sencillamente la prueba que consta en el expediente no la justifica. Ello implica que "[s]i en la solicitud de revisión la parte afectada no demuestra la existencia de esa otra prueba, las determinaciones de hecho de la agencia deben ser sostenidas por el tribunal revisor". *Domínguez v. Caguas Expressway Motors, supra,* pág. 398; *Ramírez v. Depto. de Salud,* 147 DPR 901, 905 (1999).

***-B-***

Por otro lado, el Reglamento Núm. 9358, *supra,* establece los criterios que han de seguirse para autorizar, reglamentar y fiscalizar las empresas de servicio público, el Transporte Comercial y las personas bajo la jurisdicción del Negociado. En lo pertinente, el Subcapítulo X del precitado Reglamento, establece las disposiciones especiales aplicables a las franquicias de Ómnibus Escolar. En específico, la Sec. 11.33 del Reglamento 9358, *supra,* dispone que "para ofrecer este servicio podrán utilizar sólo vehículos de motor de cabida intermedia o mayor". Sin embargo, a modo de excepción el NTSP estableció la Orden para la Extensión de Vigencia de Vehículos Ómnibus Escolar (OE); Autorización de Vehículos Ómnibus Escolar para Servir Rutas Especiales del Departamento de Educación; Prohibición de Luces Intermitentes o de Colores, Orden Núm. II de 31 de agosto de 2022, Negociado de Transporte y Otros Servicios Públicos, (en adelante, Orden Núm. II-2022). Pertinente al asunto que nos ocupa, la referida Orden expone lo siguiente:

> El NTSP es una agencia encargada de velar por la seguridad en nuestras vías públicas. Como parte de ello, establece requisitos en las solicitudes de autorización dirigidos a promover seguridad vial y para los usuarios. Estos requisitos deben ajustarse a la realidad de nuestras carreteras y necesidades específicas. En Puerto Rico y principalmente en áreas rurales, existen carreteras estrechas que hacen inseguro el uso de vehículos manufacturados y certificados para el transporte escolar, conforme los estándares de seguridad federales establecidos por la NHTSA. Para atender esta situación, el NTSP autorizará, a manera de excepción y con la debida autorización del Departamento de Educación (DE), vehículos de menor cabida, que no sean manufacturados y certificados específicamente para el transporte escolar, conforme con los estándares de seguridad federales establecidos por la NHTSA.

> Por consiguiente, se ORDENA, a que, de una Franquicia de ómnibus Escolar (OE) necesitar autorización para operar un vehículo de menor cabida, para atender una ruta en específico, que no sea manufacturado y certificado para el transporte escolar conforme con los estándares de seguridad federales establecidos por la NHTSA, presente, en conjunto con los requisitos correspondientes al vehículo, una Carta del

Departamento de Educación (DE) autorizando el uso de dicho vehículo en la ruta específica que servirá.

### *-III-*

En la causa que nos ocupa, la parte recurrente plantea que incidió el NTSP al concluir que la Orden Administrativa Núm. II-2022 fue suficiente para permitirle al Departamento de Educación autorizar el uso de vehículos, a su juicio, en contravención a las normas reglamentarias aplicables. Habiendo examinado su planteamiento y a la luz del derecho aplicable, resolvemos *confirmar* la resolución administrativa recurrida.

En el presente caso, según surge del expediente administrativo ante nuestra consideración, Transporte Sonnell presentó una querella por entender que vehículos de menor cabida dentro del Departamento de Educación incumplen con las disposiciones legales existentes. Sin embargo, el NTSP acogió la determinación de la Oficina de Abogados del Interés Público en la que concluyó que las actuaciones del Departamento de Educación están dentro del marco regulatorio del NTSP. Si bien el Reglamento 9358 establece como norma general que únicamente podrán emplearse vehículos de cabida intermedia o mayor en la prestación del servicio de transporte escolar, la propia autoridad administrativa ha previsto una excepción expresa. Dicha excepción aplica en aquellas zonas rurales específicamente establecidas como de difícil acceso, en las cuales, para salvaguardar la seguridad de los estudiantes, se permitirá la utilización de vehículos de menor cabida. No obstante, tal uso queda condicionado a la previa autorización del Gerente de Operaciones de la Oficina de Transportación Escolar, así como al cumplimiento de las regulaciones federales de seguridad aplicables.

En mérito de lo antes expuesto, sostenemos la determinación recurrida. Nada en el expediente de autos sugiere que el

pronunciamiento que atendemos haya resultado de un ejercicio arbitrario atribuible al NTSP. Por tanto, en ausencia de prueba, al contrario, solo podemos sostener su determinación.

*-IV-*

Por los fundamentos que anteceden, lo que hacemos formar parte de este dictamen, se confirma la *Decisión y Orden* administrativa recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones