Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| FERMÍN ORSINI MATÍAS Recurrente v. DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN Recurrido | TA2025RA00398 | *REVISIÓN ADMINISTRATIVA* procedente de Departamento de Corrección y Rehabilitación Solicitud Núm. ICG-703-2025 Sobre: Solicitud de Servicio, Fondo del Seguro del Estado |
| --- | --- | --- |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de enero de 2026.

Comparece ante nos el recurrente, Fermín Orsini Matías (en adelante, señor Orsini Matías o recurrente) y nos solicita la revisión de la *Respuesta* emitida el 8 de octubre de 2025, notificada al día siguiente, por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (en adelante, DCR). Mediante esta, el DCR confirmó que el recurrente recibió el remedio solicitado.

Por los fundamentos que expondremos a continuación, se *confirma* la *Resolución* recurrida.

**-I-**

El recurrente es miembro de la población correccional en la Institución Guerrero, en Aguadilla. El 2 de septiembre de 2025 el recurrente presentó una *Solicitud de Remedio Administrativo* ante la División de Remedios Administrativos del DCR (en adelante, DRA).[1]

---

[1] Apéndice del DCR, págs. 4-7.

Mediante esta, sostuvo que se atendió con un fisiatra, con la Corporación del Fondo del Seguro del Estado (en adelante, CFSE), y con un terapeuta médico, a quienes le expresó que padecía de mucho dolor. No obstante, alegó que no recibió los medicamentos necesarios para tratar su condición.

Posteriormente, el 8 de septiembre de 2025, el señor Joel Velázquez Caraballo emitió una *Respuesta del Área Concernida/Superintendente.*[2] Mediante esta, señaló que el 2 de septiembre de 2024 el recurrente tuvo cita en la CFSE. Además, indicó que se le hizo una receta para los medicamentos en controversia, y que esta se entregó en el área médica de la institución correccional el 4 de septiembre de 2025, por lo que el recurrente debió haber recibido los mismos.

En desacuerdo, el 16 de octubre de 2025, el recurrente presentó una *Solicitud de Reconsideración* ante la Coordinadora Regional de la DCR, Melissa Ruiz Sepúlveda (en adelante, Coordinadora Regional), mediante la cual reiteró que no recibió los medicamentos.[3] Consecuentemente, el 18 de noviembre de 2025, la Coordinadora Regional emitió la *Resolución* recurrida.[4] En la misma, señaló que el recurrente es visitado frecuentemente por médicos que laboran en la Institución Guerrero, al igual que se le brindan los medicamentos pertinentes. Además, indicó que el señor Orsini Matías tenía otras citas programadas. Por lo cual, la Coordinadora Regional confirmó la respuesta emitida el 8 de septiembre de 2025.

Inconforme, el 8 de diciembre de 2025, el recurrente presentó el *Recurso de Revisión Judicial* ante nos, mediante el cual sostiene que no ha recibido los medicamentos. Mediante *Resolución* emitida el 18 de diciembre de 2025, ordenamos al recurrente a presentar la

---

[2] *Íd.*, Anejo 1, pág. 9.
[3] *Íd.*, Anejo 1, pág. 10.
[4] *Íd.*, Anejo 1, págs. 15-16.

solicitud para litigar en forma *pauperis.* En consecuencia, el 29 de diciembre de 2025, el señor Orsini Matías cumplió con su presentación, la cual fue declarada Ha Lugar el 12 de enero de 2026. En esa misma fecha, el DCR, representado por la Oficina del Procurador General de Puerto Rico, presentó su oposición al recurso.

Tras examinar el expediente que obra en autos, así como los planteamientos de ambas partes, procedemos a expresarnos.

### -II-

### -A-

En nuestro ordenamiento jurídico, los tribunales apelativos están llamados a abstenerse de intervenir con las decisiones emitidas por las agencias administrativas, todo en deferencia a la vasta experiencia y conocimiento especializado que les han sido encomendados. *Jusino Rodríguez v. Junta de Retiro,* 2024 TSPR 138, 215 DPR ___ (2024); *Otero Rivera v. USAA Fed. Savs. Bank, Inc.,* 214 DPR 473, 484 (2024); *Voili Voilá Corp. v. Mun. Guaynabo,* 213 DPR 743, 754 (2024); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018); *The Sembler Co. v. Mun. de Carolina,* 185 DPR 800, 821-822 (2012).

Dentro de este contexto, la revisión judicial se limita a determinar si la agencia actuó de forma arbitraria, ilegal, o tan irrazonable que implique abuso de discreción. *OCS v. Point Guard Ins.,* 205 DPR 1005, 1026-1027 (2020); *Rivera Concepción v. ARPe.,* 152 DPR 116, 122 (2000). Esto significa que, el tribunal respetará el dictamen de la agencia, salvo que no exista una base racional que fundamente la actuación administrativa. *ECP Incorporated v. OCS,* 205 DPR 268, 282 (2020); *Misión Ind. P.R. v. J.P.,* 146 DPR 64, 134-135 (1998). Así, la revisión judicial suele limitarse a determinar si: (1) el remedio concedido por la agencia fue el apropiado; (2) las

determinaciones de hechos realizadas por la agencia están sostenidas por evidencia sustancial en el expediente administrativo; y (3) si las conclusiones de derecho fueron correctas. *Pacheco v. Estancias*, 160 DPR 409, 431 (2003).

Ahora bien, esa presunción de legalidad no constituye un dogma inflexible que, impida la revisión judicial si no existen las condiciones que sostienen la deferencia. En el caso de *Torres Rivera v. Policía de PR*, 196 DPR 606, 628 (2016), el Tribunal Supremo de Puerto Rico se expresó sobre el alcance de la revisión judicial y mencionó lo siguiente:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero ésta cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que, si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos procede que se valide la interpretación que realizó la agencia administrativa recurrida.

Por ende, como norma general, el tribunal revisor debe respeto y deferencia al dictamen administrativo. No obstante, si el foro revisor entiende que uno de estos factores está presente, podrá entonces modificar la decisión. De lo contrario, se abstendrá a ello. Es pertinente enfatizar que, la doctrina no exige que la agencia tome la mejor decisión posible, sino que el criterio a evaluar es si la misma, dentro de las circunstancias particulares del caso, es razonable. *De Jesús v. Depto. Servicios Sociales*, 123 DPR 407, 417-418 (1989). Por ende, si existe más de una interpretación razonable de los hechos, ordinariamente se avalará la decisión del foro administrativo. *Super Asphalt v. AFI y otros*, *supra*, a la pág. 819; *Torres Rivera v. Policía de PR*, *supra*, a la pág. 628.

En lo concerniente al alcance de la revisión judicial, la sección 4.5 de la de Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9675, limita la discreción del tribunal revisor sobre las determinaciones de hecho que realiza la agencia administrativa. 3 LPRA sec. 9675. Como consecuencia, la revisión judicial de los tribunales para determinar si un hecho se considera probado o no se limita conforme la siguiente norma:

> El tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.
>
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
>
> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal. *Íd.*

El Tribunal Supremo de Puerto Rico define el concepto de evidencia sustancial como "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Otero v. Toyota*, 163 DPR 716, 728 (2005); *Misión Ind. P.R. v. J.P.*, *supra*, pág. 131. Además, reiteró:

> Para que un tribunal pueda decidir que la evidencia en el expediente administrativo no es sustancial es necesario que la parte afectada demuestre que existe otra prueba en el récord que razonablemente reduzca o menoscabe el peso de tal evidencia, hasta el punto de que un tribunal no pueda, concienzudamente, concluir que la evidencia sea sustancial, en vista de la prueba presentada y hasta el punto que se demuestre claramente que la decisión [del organismo administrativo] no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración.

Por tal razón, es la parte que impugna la decisión administrativa quien tiene que producir evidencia de tal magnitud que conmueva la conciencia y tranquilidad del juzgador, de forma que éste no pueda concluir que la decisión de la agencia fue justa, porque simple y sencillamente la prueba que consta en el expediente no la justifica. Ello implica que "[s]i en la solicitud de revisión la

parte afectada no demuestra la existencia de esa otra prueba, las determinaciones de hecho de la agencia deben ser sostenidas por el tribunal revisor". *Domínguez v. Caguas Expressway Motors, supra,* pág. 398; *Ramírez v. Depto. de Salud,* 147 DPR 901, 905 (1999).

### -B-

El Reglamento Núm. 8583 de 4 de mayo de 2015 del Departamento de Corrección y Rehabilitación, mejor conocido como el *Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional* (en adelante, Reglamento Núm. 8583), fue aprobada con el propósito de crear un mecanismo adecuado en la cual toda persona recluida en una institución correccional pueda disponer de un organismo administrativo ante la cual pueda presentar una solicitud de remedio con el fin de minimizar las diferencias entre los miembros de la población correccional y el personal y para evitar o reducir la radicación de pleitos en los tribunales. *Íd.,* págs. 1-2. Asimismo, se creó la División de Remedios Administrativos en el Departamento de Corrección y Rehabilitación para así atender cualquier queja o agravio que pudieran tener los confinados en contra de la agencia misma o sus funcionarios sobre cualquier asunto. *Íd.,* pág. 2.

### -III-

En el presente caso, el recurrente planteó que el DCR no le proveyó los medicamentos recetados para su condición médica. No obstante, surge del expediente en autos que el señor Orsini Matías ha asistido a múltiples citas relacionadas a su condición de salud, al igual que tiene otras programadas. Asimismo, surge de los

documentos que múltiples recetas fueron despachadas y entregadas al área médica de la institución correccional.[5]

De este modo, concluimos que la actuación del DCR no consiste en una decisión arbitraria, ilegal, o tan irrazonable que implique abuso de discreción. Por tanto, no encontramos base jurídica que nos permita intervenir con la determinación recurrida. Siendo así, *confirmamos* la decisión del DCR.

*-IV-*

Por los fundamentos esbozados anteriormente, los cuales hacemos formar parte de esta *Sentencia,* se *confirma* la *Resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[5] *Véase*, Apéndice del DCR, Anejo 2.