Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| JOSÉ E. ROMÁN GONZÁLEZ<br><br>Recurrente<br><br>Vs.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2025RA00334 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm. PP-274-25<br><br>Sobre: SOLICITUD DE TRATAMIENTO MÉDICO |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de diciembre de 2025.

Comparece ante nos el recurrente, el señor José E. Román González (en adelante, recurrente o señor Román González), y nos solicita la revisión de la determinación emitida el 2 de octubre de 2025, por el Departamento de Corrección y Rehabilitación (en adelante, recurrida o DCR). Mediante esta, el DCR denegó la petición del recurrente, quien solicitaba un tratamiento para su padecimiento.

Por los fundamentos que expondremos a continuación, se *confirma* la *Resolución* recurrida.

**I**

El señor Román González es miembro de la población correccional en la Institución Ponce Principal. El 22 de junio de 2025 este presentó una *Solicitud de Remedio Administrativo.*[1] Mediante esta, el señor Román González le peticionó al doctor Joan Manuel Rodríguez Soto (en adelante, doctor Rodríguez Soto), subdirector de servicios clínicos, la revisión de su expediente

---
[1] Expediente Administrativo, pág. 4.

médico. Sostuvo que, como consecuencia de su padecimiento de fuertes dolores en el brazo izquierdo, fue referido por un fisiatra para realizarse dos (2) estudios: un MRI y un electromiograma. Por consiguiente, solicitó que se le coordinaran las citas correspondientes para realizarse dichos estudios.

Posteriormente, el 25 de agosto de 2025, el DCR, a través del doctor Rodríguez Soto, emitió una *Respuesta del Área Concernida/Superintendente.*[2] Mediante esta, le indicó al recurrente que estaban en espera de una fecha disponible para realizarle los estudios correspondientes para su cita con el fisiatra. Igualmente, se le apercibió que, de tener otra necesidad, podría solicitar un *sick call* o la sala de emergencia, según la urgencia.

En desacuerdo, el 11 de septiembre de 2025, el señor Román González presentó una *Solicitud de Reconsideración.*[3] En síntesis, arguyó que solicitó el servicio del *sick call*, pero no se le proveyó un tratamiento para su condición.

Así las cosas, el 2 de octubre de 2025, el DCR emitió una *Respuesta de Reconsideración al Miembro de la Población Correccional.*[4] Mediante esta, denegó la petición de reconsideración. En su determinación, el DCR explicó que, para la cita con el fisiatra, el señor Román González debía acudir con los resultados de los referidos estudios. Asimismo, señaló que el MRI se le realizó al recurrente el 24 de agosto de 2025, y que este tenía pautado para el 29 de octubre de 2025 una cita para efectuar el electromiograma.

Inconforme, el 29 de octubre de 2025, el recurrente presentó el recurso de epígrafe. Mediante este, señaló la comisión del siguiente error:

> Erró el DCR en no proveer los servicios de salud de Especialidad, Fisiatría, Farmacia, etc.[,] según los dispone los estatutos legales, constitucionales y

---

[2] *Íd.*, pág. 9.
[3] *Íd.*, pág. 10.
[4] *Íd.*, pág. 12.

reglamentarios[,] conforme la Constitución de EUA; Plan de Reorganización 2-2011, *supra,* y la Carta de Derechos de los Miembros de la Población Correccional, *supra,* entre otros[.]

Por su parte, el 5 de diciembre de 2025, el DCR, representado por la Oficina del Procurador General de Puerto Rico, presentó su oposición al recurso ante nos. En resumidas cuentas, el DCR planteó que no se le había negado el tratamiento al recurrente, sino que estaban en espera de completar los estudios pertinentes. Además, el DCR anejó una *Certificación,* mediante la cual se hace constar que el recurrente tiene una cita pautada para el 17 de diciembre de 2025 para realizarse el electromiograma, al igual que una cita con el fisiatra, el doctor Joezer Lugo Rañal, el 30 de diciembre de 2025.[5]

Tras examinar el expediente que obra en autos, así como los planteamientos de ambas partes, procedemos a expresarnos.

## II

### A

En nuestro ordenamiento jurídico, los tribunales apelativos están llamados a abstenerse de intervenir con las decisiones emitidas por las agencias administrativas, todo en deferencia a la vasta experiencia y conocimiento especializado que les han sido encomendados. *Jusino Rodríguez v. Junta de Retiro,* 2024 TSPR 138, 215 DPR ___ (2024); *Otero Rivera v. USAA Fed. Savs. Bank, Inc.,* 214 DPR 473, 484 (2024); *Voili Voilá Corp. v. Mun. Guaynabo,* 213 DPR 743, 754 (2024); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018); *The Sembler Co. v. Mun. de Carolina,* 185 DPR 800, 821-822 (2012).

Dentro de este contexto, la revisión judicial se limita a determinar si la agencia actuó de forma arbitraria, ilegal, o tan irrazonable que implique abuso de discreción. *OCS v. Point Guard*

---

[5] Apéndice del DCR, Anejo Núm. 2.

*Ins.,* 205 DPR 1005, 1026-1027 (2020); *Rivera Concepción v. ARPe.,* 152 DPR 116, 122 (2000). Esto significa que, el tribunal respetará el dictamen de la agencia, salvo que no exista una base racional que fundamente la actuación administrativa. *ECP Incorporated v. OCS,* 205 DPR 268, 282 (2020); *Misión Ind. P.R. v. J.P.,* 146 DPR 64, 134-135 (1998). Así, la revisión judicial suele limitarse a determinar si: (1) el remedio concedido por la agencia fue el apropiado; (2) las determinaciones de hechos realizadas por la agencia están sostenidas por evidencia sustancial en el expediente administrativo; y (3) si las conclusiones de derecho fueron correctas. *Pacheco v. Estancias,* 160 DPR 409, 431 (2003).

Ahora bien, esa presunción de legalidad no constituye un dogma inflexible que, impida la revisión judicial si no existen las condiciones que sostienen la deferencia. En el caso de *Torres Rivera v. Policía de PR,* 196 DPR 606, 628 (2016), el Tribunal Supremo de Puerto Rico se expresó sobre el alcance de la revisión judicial y mencionó lo siguiente:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero ésta cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que, si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos procede que se valide la interpretación que realizó la agencia administrativa recurrida.

Por ende, como norma general, el tribunal revisor debe respeto y deferencia al dictamen administrativo. No obstante, si el foro revisor entiende que uno de estos factores está presente, podrá entonces modificar la decisión. De lo contrario, se abstendrá a ello. Es pertinente enfatizar que la doctrina no exige que la agencia tome la mejor decisión posible, sino que el criterio a evaluar es si la

misma, dentro de las circunstancias particulares del caso, es razonable. *De Jesús v. Depto. Servicios Sociales,* 123 DPR 407, 417-418 (1989). Por ende, si existe más de una interpretación razonable de los hechos, ordinariamente se avalará la decisión del foro administrativo. *Super Asphalt v. AFI y otros,* 206 DPR 803, 819 (2021); *Torres Rivera v. Policía de PR, supra,* a la pág. 628.

En lo concerniente al alcance de la revisión judicial, la sección 4.5 de la de Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9675, limita la discreción del tribunal revisor sobre las determinaciones de hecho que realiza la agencia administrativa. 3 LPRA sec. 9675. Como consecuencia, la revisión judicial de los tribunales para determinar si un hecho se considera probado o no se limita conforme la siguiente norma:

> El tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.
>
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
>
> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal. *Id.*

El Tribunal Supremo de Puerto Rico define el concepto de evidencia sustancial como "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Otero v. Toyota,* 163 DPR 716, 728 (2005); *Misión Ind. P.R. v. J.P., supra,* pág. 131. Además, reiteró:

> Para que un tribunal pueda decidir que la evidencia en el expediente administrativo no es sustancial es necesario que la parte afectada demuestre que existe otra prueba en el récord que razonablemente reduzca o menoscabe el peso de tal evidencia, hasta el punto de que un tribunal no pueda, concienzudamente, concluir que la evidencia sea sustancial, en vista de la prueba presentada y hasta el punto que se demuestre claramente que la decisión [del organismo administrativo] no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración.

Por tal razón, es la parte que impugna la decisión administrativa quien tiene que producir evidencia de tal magnitud que conmueva la conciencia y tranquilidad del juzgador, de forma que éste no pueda concluir que la decisión de la agencia fue justa, porque simple y sencillamente la prueba que consta en el expediente no la justifica. Ello implica que "[s]i en la solicitud de revisión la parte afectada no demuestra la existencia de esa otra prueba, las determinaciones de hecho de la agencia deben ser sostenidas por el tribunal revisor". *Domínguez v. Caguas Expressway Motors*, 148 DPR 387, 398 (1999); *Ramírez v. Depto. de Salud*, 147 DPR 901, 905 (1999).

**B**

El Reglamento Núm. 8583 de 4 de mayo de 2015 del Departamento de Corrección y Rehabilitación, mejor conocido como el *Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional* (en adelante, Reglamento Núm. 8583), fue aprobada con el propósito de crear un mecanismo adecuado en la cual toda persona recluida en una institución correccional pueda disponer de un organismo administrativo ante la cual pueda presentar una solicitud de remedio con el fin de minimizar las diferencias entre los miembros de la población correccional y el personal y para evitar o reducir la radicación de pleitos en los tribunales. *Íd.*, págs. 1-2. Asimismo, se creó División de Remedios Administrativos en el Departamento de Corrección y Rehabilitación para así atender cualquier queja o agravio que pudieran tener los confinados en contra de la agencia misma o sus funcionarios sobre cualquier asunto. *Íd.*, pág. 2.

**III**

En el caso ante nos, el recurrente planteó que el DCR erró al no proveerle los servicios de salud solicitados. En específico, sostuvo que, por su padecimiento, se le indicó que debía hacerse un MRI y un electromiograma. No obstante, arguyó que dichos estudios no se le habían realizado. Evaluado el expediente en autos a la luz del derecho aplicable, *confirmamos* la determinación recurrida.

Surge del expediente que, conforme a lo solicitado por el recurrente, se le realizó un MRI el pasado 24 de agosto de 2025. De igual forma, de los documentos que obran en autos se desprende que el DCR le programó una cita al señor Román González para someterse al electromiograma. Asimismo, se le coordinó una cita de seguimiento con el fisiatra para que este evalúe los resultados de los referidos estudios.

De este modo, concluimos que la actuación del DCR no consiste en una decisión arbitraria, ilegal, o tan irrazonable que implique abuso de discreción. Por tanto, no encontramos base jurídica que nos permita intervenir con la determinación recurrida. Siendo así, *confirmamos* la decisión del DCR.

**IV**

Por los fundamentos antes esbozados, *confirmamos* la *Resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones